IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, # 326-698 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-15-3495 |
| RICHARD GRAHAM, JR., Warden of WCI, DENISE GELSINGER, Ass't Warden,[1] CARLA BUCK, R.N. (Registered Nurse), LT. MERLING (PHILIP), OFC. R. HEAVENER, OFC. Z. FRAZEE, CAPT. TICHNELL, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On November 17, 2015, Azaniah Blankumsee, an inmate at Western Correctional Institution ("WCI") in Cumberland, Maryland, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and seeking money damages and transfer from WCI. *See* Compl. 3-4, ECF No. 1. Specifically, Blankumsee, who is proceeding without counsel, asserts that on August 2, 2015, he was directed by correctional officers to submit to a strip search "for no apparent reason" and subsequently placed in an isolation cell. *Id.* Blankumsee faults Defendant Carla Buck for approving his placement in the isolation cell, and alleges that there was no medical justification for doing so. *Id.* He complains that he "suffered from multiple panic, [sic] and anxiety attacks," and that officers and inmates were permitted to look at him while he was naked in the cell. *Id.* at

---

[1] The Clerk shall correct the spelling of Defendant Gelsinger's name from Geisinger to Gelsinger. *See* ECF Nos. 1, 27.

4. Blankumsee also alleges that he went without clothing, a blanket, bedding, water, or food for over forty-eight hours. *Id.* at 3. Additionally, the toilet and sink in the cell did not work. *Id.*

On April 4, 2016, Carla Buck filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 14, which the parties fully briefed, ECF Nos. 14-3, 16, 21. All other defendants ("State Defendants") filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on May 27, 2016. ECF No. 27. Blankumsee received notice of the State Defendants' motion, ECF Nos. 29, 31, but has not responded. Blankumsee filed a "Declaration for Entry of Default," asserting that all defendants were served but "failed to answer or otherwise defend." ECF No. 30. Yet, as noted, all defendants filed dispositive motions. Blankumsee's request for entry of default is denied. *See* Fed. R. Civ. P. 55(a) (entry of default appropriate when defendant "fail[s] to plead or otherwise defend").

Before I examine the parties' dispositive motions, I must address several non-dispositive motions. On May 2, 2016, in response to interrogatories and document requests that Blankumsee made after Buck moved to dismiss or for summary judgment, Buck filed a Motion for Protective Order to stay discovery pending resolution of her dispositive motion, asserting that she will be prejudiced if discovery commences before disposition of her motion. ECF No. 18. Blankumsee opposed the Motion for Protective Order, ECF No. 24, and filed a Motion to Compel Discovery, ECF No. 32.

In opposition to Buck's Motion for Protective Order, Blankumsee asserts that he "would like to attach [the] requested documents and interrogatories as exhibits" to his opposition to Buck's dispositive motion, and that they "are also very necessary" for him to be able to "file a detailed and appropriate opposition" to the State Defendants' dispositive motion. Pl.'s Opp'n to Mot. for Protective Order ¶¶ 7, 9. Along with his Motion to Compel responses to the discovery

he propounded, Blankumsee filed a Declaration under Rule 56(f) (now Rule 56(d)), contending that

> with [the] requested discovery, plaintiff could have presented facts that will create a genuine issue of material facts, to include malicious intent; cruel and unusual punishment under the Eighth and Fourteenth Amendments; civil rights violations; deprivation of Equal Protection; violation of state policies, procedures and rules and regulations; deliberate indifference; assault; destruction/loss of property; and all other violations[] and[] deprivations in plaintiff's complaint.

Blankumsee Decl. ¶ 6, ECF No. 32-1. He seeks "to interview inmates who monitored his behavior while he was in [an] Isolation cell on August 2-4, 2016,"[2] and to compel Defendants to respond to his interrogatories and request for production of documents so that he can ascertain "their names and housing locations." *Id.* ¶ 9.

I have not issued a Scheduling Order setting forth deadlines for discovery, and pursuant to Local Rule 803.1, discovery does not begin until a scheduling order is entered, unless the Court orders or the parties agree otherwise. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition [to a motion for summary judgment], the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for

---

[2] It appears that Blankumsee meant 2015, not 2016, as his Complaint contains allegations concerning Blankumsee's placement in an "isolation cell" on August 2-4, *2015. See* Compl. 3.

discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).

Notably, "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x 274 (4th Cir. 2008).

To the extent Blankumsee is seeking the names of other inmates who "monitored" his behavior in the isolation cell to substantiate his alleged panic and anxiety attacks, he does not assert how these individuals are qualified to address his mental or emotional behavior. In addition, he does not explain how this information is essential to his opposition. As Blankumsee is undoubtedly aware, having been notified that he may provide exhibits and declarations in his reply, ECF Nos. 15 and 29, he may file his own declaration for summary judgment purposes. I will extend the time for Blankumsee to respond to the State Defendants' dispositive motion and permit Blankumsee to supplement his response to Defendants Buck's dispositive motion.

4

I will grant in part Buck's Motion for a Protective Order. Buck is not required to respond to Blankumsee's requests for interrogatories or production of documents. A stay of discovery, however, is unnecessary at this time, as a scheduling order has not issued. I will deny Blankumsee's Motion to Compel Discovery. A separate Order follows this Memorandum Opinion.

Dated: November 17, 2016

_____
Paul W. Grimm
United States District Judge